IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              No. CR 13-2744 RB

BRYAN O'KEEF KIMBLE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Kimble's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A), filed on March 31, 2022. (Doc. 66.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.     Background**

On February 5, 2014, Kimble entered into a Plea Agreement and pled guilty to an Indictment charging: (Counts 1 & 4) two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (Count 2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); (Count 3) possession with intent to distribute 5 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and aiding and abetting in violation of 18 U.S.C. § 2; (Count 6) possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and (Count 7) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and aiding and abetting in violation of 18 U.S.C. § 2. (*See* Doc. 35.) On September 4, 2014, the Court sentenced Kimble to 230 months imprisonment. (*See* Doc. 50.) The Court imposed a term of 120 months as to each of Counts 1 and 4; a term of 170

months as to each of Counts 3 and 7; and a term of 60 months as to Count 6; all terms to run concurrently. (*Id.* at 3.) The Court imposed a term of 60 months as to Count 2 to run consecutively to the other counts, for a total term of 230 months. (*Id.*)

Kimble has served approximately 39% of his full term, and his anticipated release date is April 12, 2032. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 22, 2022). He now moves the Court to reduce his sentence. (*See* Doc. 66.)

## II. Discussion

Kimble seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Kimble filed a request seeking compassionate release with the warden of his facility, which the warden denied. (*See* Docs. 72-1–2.) The Government concedes that he has exhausted his administrative remedies for purposes of this motion. (*See* Doc. 72 at 2–5.)

Kimble asserts that extraordinary and compelling circumstances warrant a sentence reduction for three reasons.[1] First, he argues that his convictions under § 922(g) were "insufficient" because they lacked "the 'status element' in the mens rea" pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. 66 at 5–7.) He next argues that his sentence should have been based on a charge of possession, rather than possession with intent to distribute. (*Id.* at 7.) Finally, he contends that his sentence was illegally imposed because his convictions were not "crimes of violence." (*Id.* at 7–9.) Section 3582(c)(1)(A)(i) permits a sentencing court to grant a motion for compassionate relief where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Although the Court is not convinced that § 3582 is the proper vehicle to obtain the relief he seeks, Kimble insists on filing his motion in this manner (*see, e.g.*, Doc. 69), and thus the Court will analyze the motion under § (D).

Kimble fails to establish that extraordinary and compelling reasons warrant a reduction. Kimble first argues that his convictions under § 922(g) are flawed because the Government did not prove that he knew he was a convicted felon. (*See* Doc. 66 at 5.) As the Government points out, however, Kimble admitted in the factual basis of his plea that "In 2012, I had previously been convicted [of] the following felonies: possession of a controlled substance, felon in possession of

---

[1] Kimble's request for compassionate relief to the warden discussed a reduction on the basis that he intends to care for his daughter. (*See* Doc. 72-2.) Yet, he mentions his daughter only in passing in the motion before the Court. (*See* Doc. 66 at 10.) Regardless, the United States has waived the issue of exhaustion. (*See* Doc. 72 at 2–5.)

3

a firearm, and possession with intent to distribute . . . a controlled substance." (Doc. 35 at 6.) Second, Kimble argues that his conviction for intent to distribute should have been one for simple possession because of the low amount of drugs charged. (Doc. 66 at 7.) Again, however, he admitted in the factual basis of his plea that he intended to distribute the 25.5 grams of methamphetamine with which he was found. (Doc. 35 at 6.) Thus, the factual basis of Kimble's plea agreement negates his first two arguments. Finally, Kimble references § 924(c) and states that his previous convictions were not "crimes of violence." (Doc. 66 at 7–9.) This is true. Defendant's conviction under § 924(c) was for possession of a firearm in furtherance of a drug trafficking crime; he was not charged with carrying a firearm in furtherance of a crime of violence. (*See* Docs. 50 at 1; 72 at 8.) In short, Kimble fails to establish that a sentence reduction is warranted.[2]

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

---

[2] The Government notes that even if Kimble had set forth an argument regarding the care of his daughter, there is evidence that she is being cared for by a grandparent and thus, Kimble does not qualify for release due to family circumstances. (*See* Doc. 72 at 8.) The Court agrees that the evidence shows that Kimble's daughter has multiple available caregivers, including a grandfather and nine aunts or uncles. (*See* Doc. 72-2 at 1.)

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Here, Kimble was convicted of drug trafficking and firearms offenses. He has had 18 sanctioned infractions while in prison due to fighting, sexual acts, and other misconduct. (*See* Doc. 72-3.) And in 2015, when "he was inadvertently released by the State of New Mexico[,]" Kimble failed to turn himself in and was instead arrested by the United States Marshals Office. (*See* Doc. 72 at 7.) In short, Kimble fails to show that he would not pose a danger to the community if he were to be released.

**THEREFORE,**

**IT IS ORDERED** that Kimble's Motion for Compassionate Release (Doc. 66) is **DENIED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**