IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       No. 2:13-cr-2744 RB

BRYAN KIMBLE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Bryan Kimble's Motion to Modify Sentence. (Doc. 75.) The Federal Public Defender reviewed Kimble's motion and declined to file a motion on his behalf. (Doc. 78.) The United States contends Kimble is ineligible for a reduction. (Doc. 77.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Kimble is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.    Background**

On February 5, 2014, pursuant to a plea agreement, Kimble pleaded guilty to two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 1 & 4); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2); one count of possession with the intent to distribute five grams and more of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count 3); one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count 6); and one count of possession with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count 7). (Docs. 35–36.) The United States Probation Office (USPO) provided a presentence report and computed a total offense

level of 29. (Doc. 60-1 ¶ 32.) Based on Kimble's prior convictions, the USPO calculated a criminal history score of 16, resulting in a criminal history category of VI and a guideline sentencing range of 151–188 months as to all but Count 2. (*Id.* ¶¶ 46–47, 78.) The guideline sentencing range for Count 2, possession of a firearm in furtherance of a drug trafficking crime, was 60 months to be imposed consecutively to the other counts. (*Id.* ¶ 79.)

On May 16, 2014 the Court sentenced Kimble to 230 months of imprisonment. (Doc. 48.) That term included 120 months as to each of Counts 1 and 4; 170 months as to each of Counts 3 and 7; and 60 months as to Count 6, all terms to run concurrently. (*See id.* at 3.) The sentence also included a term of 60 months as to Count 2, to run consecutively to the other counts. (*See id.*) His anticipated release date is August 12, 2032. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 30, 2024).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Kimble, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821. (Doc. 785.) The Federal Public Defender declined to file a motion on Kimble's behalf, and the United States opposes the motion. (Docs. 789–90.)

**II.     Legal Standards**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C.

2

§ 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

**III.   Discussion**

Kimble is not eligible for a sentence reduction. First, he is not eligible for Part A relief because no status points were added to his criminal history score. (*See* Doc. 60-1 ¶¶ 46–47.)

4

Second, given that Kimble was assessed 16 criminal history points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See id.* ¶ 46.)

The Court finds Kimble is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion.

**IT IS THEREFORE ORDERED** that Kimble's Motion to Modify Sentence (Doc. 75) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE